(No. 22210.—
IN RE WENZEL A. PELZ, Attorney, Respondent.

*Opinion filed April 21, 1934.*

JOHN L. FOGLE, *amicus curiæ*.

JULIUS H. SELINGER, for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

An information to disbar the respondent, Wenzel A. Pelz, was filed in this court, based on the complaint made by Sophia Kozanecki to the grievance committee of the Chicago Bar Association. The complaint alleged that Mrs. Kozanecki was the owner of two notes secured by a trust deed or mortgage on real property. One of the notes was for $1500 and the other for $200. It also alleged the

notes were placed for safekeeping with Mitchell Bros. by the respondent; that Mrs. Kozanecki later ascertained that the notes had been withdrawn by the respondent and one of them sold to Hal Harloff and the other to Wachlaw Karolewski; that she never authorized the respondent to sell the notes or to invest the proceeds, and that he promised to make a restitution but never did so. The respondent's answer stated that he became acquainted with Mrs. Kozanecki in June, 1930, when she employed him to institute proceedings against her husband for divorce; that he thereafter transacted business for her at intervals; that aside from his law business he was a real estate broker and knew that Mrs. Kozanecki was the owner of the above mentioned notes; that he showed her some lots located at the northeast corner at Keeney and Dodge avenues, in Evanston, which were for sale by Daniel Mosier, of the real estate firm of Stanley & Co.; that she was pleased with the property and directed him to sell the notes and purchase the lots; that he sold the notes and purchased the property; that he took title in his name, according to her directions, because of the trouble she had with her husband, and that he reported his actions to her, and is ready, willing and able to convey the real estate to her. The commissioners found the respondent procured the notes from Mitchell Bros. in March or April, 1931, without the authority or knowledge of Mrs. Kozanecki and sold them for approximately $1700; that she made several requests of the respondent for the notes but without avail; that he admitted to her he had sold them and invested the proceeds in real estate but promised to make restitution to her; that he made several small payments, aggregating $45; that he took title to the real estate in his own name and never executed any declaration of trust or other written evidence of complainant's interest; that the lots were purchased before the respondent sold the notes and were subject to certain mortgage liens; that at the time of the

purchase the value of the equity was questionable, and that since then the equity has ceased to have any value.

The evidence in the case is highly conflicting and is lacking in certainty and definiteness in several particulars. The nature of the transactions concerning the sale of the notes and the purchase of the lots makes their dates a vital matter. An examination of the abstract, and of the record itself, furnishes us insufficient information to determine what the truth is in regard to whether the respondent sold the notes before or after the lots were purchased. Proof of the charges against the respondent rests almost entirely upon the testimony of Mrs. Kozanecki, but that testimony is contradictory in many respects. She testified that he proposed to her that she purchase the lots, and later she denied that he had ever mentioned the matter to her. She testified that after he had purchased the lots he showed them to her in an effort to induce her to buy them. Then she testified that she knew nothing about when he bought them. She stated that she never authorized him to sell the notes, and then admitted that she had directed him to do so that she might pay off a loan on her home and reduce the amount of monthly payments. The two men who purchased the notes from Pelz talked with her about their purchases and she did not deny the authority of the respondent to sell them. The testimony adduced by the respondent and his witnesses is not much clearer than that of Mrs. Kozanecki. The case is not at all free from doubt, and therein arises our difficulty. Our study of the record leads us to the belief that the notes were sold and the property purchased in 1931; that Mrs. Kozanecki knew of the transactions either when they occurred or shortly thereafter, and that ill-feeling arose between her and the respondent quite some time afterwards. The complaint was filed by her on April 12, 1933, approximately two years from the time we think the transactions took place.

The commissioners, who saw and heard the witnesses, were in better position than we to determine the credibility of witnesses and we have great respect for their conclusions. However, there are certain material allegations in the complaint which not only lack evidential support but are conclusively shown to be untrue. It was charged that the respondent promised to make restitution. The uncontradicted proof is that he made no such offer but always contended that he had purchased the lots for Mrs. Kozanecki at her request and that he held the title in trust for her. The allegation that she never authorized him to sell the notes finds no justification, except that on one occasion she said she only authorized him to sell them in 1931 and not thereafter. Her attitude in the presence of the purchasers of the notes contradicts her testimony.

We are not at all satisfied with the conduct of the respondent and we do not for a moment hold him blameless. Even if he told the entire truth about the matter, his failure to execute and deliver a declaration of trust, or otherwise preserve the evidence which would exonerate him from a charge of this character, is inexcusable. His professional training and business experience ought to have prompted him to safeguard his reputation, and his omission to observe ordinary precautions deserves our censure.

To justify disbarment, proof of carelessness or mistaken judgment is not sufficient. The misconduct complained of must be shown by clear and convincing testimony to have been fraudulent and the result of dishonest and improper motives. (*People* v. *Lotterman,* 353 Ill. 399.) The evidence in this case, taken as a whole, does not satisfactorily show that the respondent's dealings with Mrs. Kozanecki were dishonest or dishonorable. If he was guilty as charged, the record does not disclose it. We unhesitatingly criticise his lax business methods, but for the want of convincing proof of fraud or dishonesty the rule heretofore entered in this cause is discharged.

*Rule discharged.*